Argued January 15; affirmed January 21; rehearing denied
February 18, 1936.

# STATE *v.* DENNY

(53 P. (2d) 713)

Department 2.

JAMES P. STAPLETON, Judge.

*Irvin Goodman,* of Portland (Harry L. Gross and Clifford O'Brien, both of Portland, on the brief), for appellant.

*Maurice E. Tarshis* and *George C. Graham,* Deputy District Attorneys, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for the State.

CAMPBELL, C. J. On September 29, 1934, the grand jury of Multnomah county returned an indictment charging the defendants Edward R. Denny, Dirk De Jonge, Don Cluster, and Earl Stewart with the crime of presiding at, conducting and assisting in conducting an assemblage of persons advocating criminal

syndicalism, the charging part of the indictment reading as follows:

"* * * did then and there unlawfully and feloniously preside at, conduct and assist in conducting an assemblage of persons, organization, society and group, to-wit: the Communist Party, a more _____ description of which said assemblage of persons, organization, society and group is to this grand jury unknown, which said assemblage of persons, organization, society and group did then and there unlawfully and feloniously teach and advocate the doctrine of criminal syndicalism and sabotage; * * *".

Defendant Denny demanded and was granted a separate trial. He was thereafter tried separately, and on January 29, 1935, was found guilty as charged, and sentenced to the penitentiary of this state for a period of two years.

On the trial, at the close of the state's evidence, defendant moved for a directed verdict of not guilty. Again, at the close of all the evidence in the case, defendant moved for a directed verdict, on the ground:

"* * * that use of the terms 'revolutionary tactics' and 'defiance of police', if such terms were used, together with the exhibits introduced into evidence herein furnish no evidence of a violation of the criminal syndicalism law, and upon the further ground that the state of Oregon has failed to prove the material allegations in the indictment that defendant, Denny, unlawfully and feloniously taught and advocated the doctrine of criminal syndicalism and sabotage as defined by law."

Both of the above motions were overruled and the defendant duly excepted to the rulings of the court thereon. Thereafter defendant appealed to this court. On the appeal being taken, the defendant moved the lower court for an order requiring the state to provide a transcript of testimony, at the expense of the county,

for the use of the defendant on this appeal. This request was denied and the defendant failing to have it transcribed, the case is now before us on the bill of exceptions which purports to give in substance the testimony introduced on behalf of the state and the defendant.

■ The contention is made in appellant's brief that the criminal syndicalism act, § 14-3112, Oregon Code 1930, as amended by chapter 459, Oregon Laws 1933, violates sections 8 and 26 of Article I, of the Oregon Constitution, and that it also violates the First Amendment and section 1 of the Fourteenth Amendment to the United States Constitution.

Defendant asks us to take judicial notice of the transcript of testimony which was filed in this court in the case of *State v. Dirk De Jonge,* ante p. 315 (51 P. (2d) 674), decided by this court November 26, 1935, as this indictment and trial grew out of the same meeting and the same incidents that were pertinent to the trial of said De Jonge. There are sufficient excerpts from the literature distributed or advocated at said meeting, quoted in said cause, to show the purpose for which the meeting was called.

If we should take judicial notice of the transcript of evidence in the case of *State v. Dirk De Jonge,* supra, then we have already passed upon the constitutionality of the act, and in that case the court said:

"It is not necessary here to discuss the constitutionality of the Oregon act, questioned by defendant, for that matter was thoroughly covered in the cases of State v. Laundy, 103 Or. 443 (204 P. 958, 206 P. 290), and State v. Boloff, 138 Or. 568 (4 P. (2d) 326, 7 P. (2d) 775). See also, in this connection: Whitney v. California, 274 U. S. 357 (71 L. Ed. 1095, 47 S. Ct. 641), and State v. Hennessy, 114 Wash. 351 (195 P. 211)." *State v. De Jonge,* supra.

In addition to the decisions of our own court, the decisions of the courts of other states, and of the United States supreme court, have almost unanimously held similar statutes to be constitutional. The latest expression of the United States supreme court is found in the case of *Herndon v. Georgia,* 295 U. S. 441 (79 L. E. 1530, 55 S. Ct. 794).

The state of Georgia has a statute which makes it a criminal offense to incite insurrection. Insurrection is defined by its statute: "Insurrection shall consist in any combined resistance to the lawful authority of the state, with intent to the denial thereof, when the same is manifested, or intended to be manifested, by acts of violence." § 55, Penal Code of Georgia.

"Any attempt, by persuasion or otherwise, to induce others to join in any combined resistance to the lawful authority of the state shall constitute an attempt to incite insurrection." § 56, Penal Code of Georgia.

The United States supreme court in passing upon this question, quotes with approval, in the Herndon case, the language of the supreme court of Georgia in *Carr v. State,* 176 Ga. 747 (169 S. E. 201), in which the Georgia court construed § 56 of the Penal Code of Georgia, above quoted, as follows:

" 'It [the state] can not reasonably be required to defer the adoption of measures for its own peace and safety until the revolutionary utterances lead to actual disturbances of the public peace or imminent and immediate danger of its own destruction; but it may, in the exercise of its judgment, suppress the threatened danger in its incipiency. . . . "Manifestly, the legislature has authority to forbid the advocacy of a doctrine designed and intended to overthrow the government, without waiting until there is a present and imminent danger of the success of the plan advocated. If the State were compelled to wait until the apprehended danger became certain, then its right to protect itself

would come into being simultaneously with the overthrow of the government, when there would be neither prosecuting officers nor courts for the enforcement of the law."'

The language contained in the subquotation is taken from People v. Lloyd, 204 Ill. 23, 35, and is quoted with approval by this court in Gitlow v. New York, 268 U. S. 652, 669.''

Defendants next contend that the state has failed to prove the material allegations in the indictment.

The resume of the testimony in the bill of exceptions shows that the witnesses on the part of the defendant gave evidence contradictory to the testimony given by the witnesses for the state. All the witnesses agree: That there was a meeting held at 68 S. W. Alder street, in the city of Portland, on July 28, 1934, as alleged in the indictment, at which defendant, Edward R. Denny, presided; that the meeting was called by the Communist party and that defendant introduced the speakers generally with the statement that the speaker introduced ''had an important message for the workers''.

There is a conflict in the testimony as to whether certain statements were used by the speakers, that the meeting was held in ''defiance of the police'' and whether the speakers advocated ''revolutionary tactics''. While a transcript of the testimony is not before us, certain of the exhibits which were introduced in evidence have been sent up as part of the record. The jury has passed upon these matters, and it is not possible for us to determine that the evidence does not fully support the verdict, or that the verdict was not in all respects a just conclusion to be derived from all the testimony introduced.

The judgment of the circuit court will be affirmed. It is so ordered.

BEAN, BAILEY and RAND, JJ., concur.